UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANJUM Q. QURESHI, *et al.*,

    Plaintiffs,

vs.

INDIAN RIVER TRANSPORT, *et al.*,

    Defendants.

Case No. 3:18-cv-27

Magistrate Judge Michael J. Newman
(Consent Case)

---

**ORDER AND ENTRY: (1) APPROVING THE STIPULATION OF DISMISSAL REGARDING THE CLAIMS OF PLAINTIFF ANNA QURESHI (DOC. 30); (2) GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ANJUM QURESHI (DOC. 29); (3) DIRECTING THE CLERK TO UPDATE THE DOCKET TO REFLECT THAT ANJUM QURESHI IS PROCEEDING PRO SE; (4) GRANTING DEFENDANTS' MOTION TO ENFORCE THE SETTLEMENT AGREEMENT (DOC. 25); (5) DENYING DEFENDANTS' REQUEST FOR ATTORNEY'S FEES (DOC. 25); (6) DIRECTING PLAINTIFF ANJUM QURESHI TO EXECUTE A SETTLEMENT AND RELEASE WITHIN 30 DAYS FROM THE ENTRY OF THIS ORDER; (7) DIRECTING ATTORNEY LEBOVITZ TO RETURN THE PREVIOUSLY ISSUED SETTLEMENT CHECK TO DEFENDANTS' ATTORNEY; (8) DIRECTING DEFENDANTS TO REISSUE A NEW SETTLEMENT CHECK TO PLAINTIFF ANJUM QURESHI UPON RECEIPT OF AN EXECUTED RELEASE; (9) DISMISSING THIS CASE WITH PREJUDICE; AND (10) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This civil consent case is before the Court on Defendants' motion to enforce their settlement agreement with Plaintiff Anjum Q. Qureshi ("Plaintiff"). Doc. 25. Plaintiff has not filed a memorandum in opposition, and the time for doing so has expired. The Court held a hearing on Defendants' motion on July 22, 2019, at which time Plaintiff's attorney, Jordan Lebovitz, advised the Court that he intended to seek leave to withdraw. *See* doc. 28. As a result of counsel's notice to the Court, the hearing was continued to September 10, 2019. *See id.* Attorney Lebovitz subsequently filed a motion to withdraw as Plaintiff's counsel. Doc. 29. Plaintiff submitted a response indicating he had no objection to Attorney Lebovitz's motion to withdraw as his counsel of record. Doc. 31.

This case came before the Court for the continued hearing on September 10, 2019. Attorney Lebovitz appeared, as did Plaintiff. Attorney Beth Ann Lashuk appeared on behalf of Defendants. During the hearing, Plaintiff again stated his lack of opposition to Attorney Lebovitz's motion to withdraw and, as a result, such motion (doc. 29) was **GRANTED**. Thereafter, the Court advised Plaintiff of his right to proceed with counsel or to proceed *pro se*, and he voluntarily elected to proceed *pro se*. Further, after having been advised of his right to maintain the privilege between himself and Attorney Lebovitz, Plaintiff waived his attorney-client privilege so that Attorney Lebovitz could provide testimony during the hearing with regard to Defendants' motion to enforce the settlement agreement. Attorney Lebovitz did testify during the hearing, and Plaintiff was able to question him under oath.

## I.

This case concerns a motor vehicle accident that occurred in February 2016 on southbound I-75 in Shelby County, Ohio. Doc. 1 at PageID 2. Plaintiffs assert state law claims in their complaint, and this case is properly before the Court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. The accident at issue involved a tractor-trailer being driven by Plaintiff and a tractor-trailer driven by Defendant Jay Charles Dolley. *Id*. at PageID 3-4. At the time of the accident, Dolley was an employee of Defendant Indian River ("Indian River") Transport. Plaintiff -- along with his wife Anna Qureshi, whose loss of consortium claim was voluntarily dismissed by separate stipulation (doc. 30), which the Court hereby **APPROVES** -- alleged that he suffered injuries and other damages as a result of Dolley's negligence and sought to hold Dolley and Indian River liable. *Id*. at PageID 4-6.

Defendants represent that the parties engaged in written discovery and that Plaintiff was deposed on January 30, 2019. Doc. 25 at PageID 66. Thereafter, the parties began settlement discussions and ultimately reached a settlement for the sum of $10,000.00. *See* doc. 25-1 at PageID

74-79. Although now disputed by Plaintiff, Attorney Lebovitz testified during the hearing on September 10, 2019 that he conveyed the $10,000 offer to Plaintiff and Plaintiff specifically agreed to accept the offer. On April 8, 2019, Defendants' attorney mailed to Attorney Lebovitz the $10,000.00 settlement check, along with a release and a proposed stipulation of dismissal.[1] Doc. 25-2 at PageID 80-85. Plaintiff, however, never returned an executed release (or cashed the check), *id.*, and contends that he never agreed to settle the case and never gave Attorney Lebovitz authority to accept the $10,000 offer from Defendants.

## II.

"Public policy strongly favors settlement of disputes without litigation." *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976). This is so because, "[b]y such agreements are the burdens of trial spared to the parties, to other litigants waiting their turn before overburdened courts, and to the citizens whose taxes support the latter." *Id*. In other words, "[a]n amicable compromise provides the more speedy and reasonable remedy for the dispute." *Id*. Accordingly, "[s]ettlement agreements should . . . be upheld whenever equitable and policy considerations so permit." *Id*. And, "[i]t is beyond debate that the district court has the 'inherent authority and equitable power to enforce agreements in settlement of litigation before it.'" *Guy v. Lexington-Fayette Urban Cnty. Gov't*, 57 F. App'x 217, 224 (6th Cir. 2003) (citing *Bowater N. Am. Corp. v. Murray Machinery, Inc.*, 773 F.2d 71, 76 (6th Cir. 1985)).

In this case, based on the evidence presented in support of and attached to Defendants' motion, in addition to the testimony and argument presented during the hearing on September 10, 2019, the Court finds that the parties reached a settlement agreement to resolve this dispute.

---

[1] The Court understands that the settlement check is still in the possession of Attorney Lebovitz and is no longer valid on account of the significant time that has elapsed since its issuance. Accordingly, as set forth, *infra*, Defendants shall issue a new check once Plaintiff Anjum Qureshi executes a release. Attorney Lebovitz is **ORDERED** to return the previously issued check to Defendants' attorney forthwith.

3

Specifically, Plaintiff agreed to execute a release and to dismiss his claims with prejudice in exchange for a payment of $10,000 from Defendants. Accordingly, Defendants' motion (doc. 25) is **GRANTED** and Plaintiff is **ORDERED** to execute a release within 30 days from the entry of this Order. Plaintiff is **NOTIFIED** that his failure to comply with this Order may result in the imposition of sanctions and/or a finding of contempt. Upon receipt of the executed release, Defendants shall make the agreed-upon payment to Plaintiff.

In addition to seeking enforcement of the settlement agreement, Defendants also seek an award of attorney's fees incurred as a result of their efforts to seek enforcement of the agreement. Doc. 25 at PageID 71. Generally, each party must bear their own attorney's fees "in the absence of statutory authorization." *Ray A. Scharer & Co. v. Plabell Rubber Prod., Inc.*, 858 F.2d 317, 320 (6th Cir. 1988) (citation omitted). This general rule "does not apply, however, where a party or counsel have acted in bad faith in the instigation or conduct of litigation, and in those circumstances, the court has the inherent authority to assess an award of attorney's fees against either the litigant or his attorney." *Id*.

Significantly, "[a]n award of attorney's fees . . . is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Id*. Generally, "a party seeking enforcement of a settlement agreement is not entitled to attorneys' fees simply because the parties disagree over whether a settlement occurred." *Tocci v. Antioch Univ.*, 967 F. Supp. 2d 1176, 1202 (S.D. Ohio 2013). Noting that the Court has broad discretion in determining whether sanctions should issue under its inherent authority, *see Jordan v. City of Detroit*, 595 F. App'x 486, 489 (6th Cir. 2014), the undersigned concludes that the conduct at issue here -- although it has multiplied proceedings -- falls short of the unreasonable and/or egregious conduct required to impose monetary sanctions against Plaintiff. Accordingly, Defendants' request for attorney's fees is **DENIED**.

**III.**

This case, having been settled, is hereby **DISMISSED** with prejudice as to all parties, provided that any of the parties may, upon good cause shown within sixty (60) days, reopen the action if settlement is not consummated. Within sixty (60) days, the parties may substitute this Order and Entry with a proposed dismissal entry agreed upon by the parties.

For the foregoing reasons, the Court **ORDERS** as follows:

1. The stipulation of dismissal regarding Plaintiff Anna Qureshi's claims (doc. 30) is **APPROVED** and Plaintiff Anna Qureshi's claims are, therefore, **DISMISSED**;

2. Attorney Lebovitz's motion to withdraw as counsel for Plaintiff Anjum Qureshi (doc. 29) is **GRANTED** as set forth on the record during the September 10, 2019 hearing;

3. The Clerk is **ORDERED** to update the docket to reflect that Plaintiff Anjum Qureshi is *pro se*;

4. Defendants' motion to enforce their settlement agreement with Plaintiff Anjum Qureshi (doc. 25) is **GRANTED**;

5. Plaintiff Anjum Qureshi is **ORDERED** to execute a release of all claims within 30 days from the issuance of this Order;

6. Attorney Lebovitz is **ORDERED** to return the previously issued settlement check to Defendants' attorney forthwith;

7. Defendants are **ORDERED** to promptly reissue a settlement check in the amount of $10,000.00 to Plaintiff Anjum Qureshi upon receipt of the executed release;

8. Defendants' motion for attorney's fees (doc. 25) is **DENIED**; and

9. This case is **TERMINATED** on the Court's docket.

**IT IS SO ORDERED.**

Date:  September 12, 2019            s/ Michael J. Newman
                                     Michael J. Newman
                                     United States Magistrate Judge